IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| BARBARA BULLOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 5:13-cv-36 |
| vs. ) | |
| ) | |
| COMMERCIAL RECOVERY ) | |
| SYSTEMS, INC., ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, BARBARA BULLOCK, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Fuquay-Varina, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of Texas which is not licensed to do business in North Carolina and which has its principal place of business in Dallas, Texas.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about September or October of 2012 in attempts to collect the aforementioned alleged debt.

9. Defendant's agents, representatives and/or employees, including, but not limited to individuals representing themselves as Marty Johnson (hereinafter "Johnson"), Angela

Daniels, (hereinafter "Daniels"), and Bill Morrison (hereinafter "Morrison"), also placed telephone calls to Plaintiff's ex-fiancée and Plaintiff's co-worker, in further attempts to collect the alleged debt.

10.  Defendant's agents, representatives and/or employees had no reason to place telephone calls to Plaintiff's ex- fiancée or coworker, as Defendant already was in possession of valid contact information for the Plaintiff herself.

11.  On or about October 22, 2012, Daniels told Plaintiff and Plaintiff's co-worker that the Sherriff was coming to Plaintiff's place of employment and implied that the Sherriff would arrest Plaintiff for non-payment of the alleged debt. Daniels also stated that Plaintiff would serve jail time if the alleged debt was not paid.

12.  Further, Daniels also told Plaintiff that the I.R.S. would be garnishing her wages if the alleged debt was not paid.

13.  Defendant's agents, representatives and/or employees, including but not limited to Jamison, Daniels and Morrison, continued to place telephone calls to Plaintiff while she was at work even after being notified that Plaintiff's employer prohibited Plaintiff from receiving calls of a personal nature while she was at work.

14.  Defendant's agents, representatives and/or employees, including but not limited to Jamison, Daniels and Morrison, identified Defendant as "CRS & Associates" in communications with Plaintiff.

15.  During a telephone communication with Plaintiff on or about November 6, 2012, Defendant's agent, representative and/or employee was notified that Plaintiff was represented by the undersigned counsel. Defendant's agent, representative an/or employee called Plaintiff back later the same day, and falsely told Plaintiff that they had spoken with the undersigned counsel

3
Case 5:13-cv-00036-FL   Document 1   Filed 01/14/13   Page 3 of 8

and further claimed that the undersigned counsel was not representing Plaintiff. In fact, no one called to verify representation.

16. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Communicating with a person other than Plaintiff regarding the alleged debt, in violation of 15 U.S.C. § 1692b;

    b. Communicating with Plaintiff after Defendant had been advised that she was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2);

    c. Communicating with Plaintiff at her place of employment where Defendant knew or had reason to know that her employer prohibited her from receiving such communications, in violation of 15 U.S.C. § 1692c(a)(3);

    d. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b);

    e. Representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff, and/or the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

    f. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

g.  Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7);

h.  Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10);

i.  Using a business, company or organization name other than the true name of Defendant's company, in violation of 15 U.S.C. § 1692e(14); and

j.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

17. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, BARBARA BULLOCK, respectfully prays for a judgment against Defendant as follows:

a.  Statutory damages of $1,000.00 for each violation of the FDCPA;

b.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.  Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies

Engaged in the Collection of Debts from Consumers Statute)

18. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

19. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

   a. Communicating with a person other than Plaintiff regarding the alleged debt, in violation of N.C. Gen. Stat. § 58-70-105(1);

   b. Communicating with Plaintiff after Defendant had been advised that she was represented by an attorney with respect to the alleged debt, in violation of N.C. Gen. Stat. § 58-70-115(3);

   c. Communicating with Plaintiff at her place of employment where Defendant knew or had reason to know that her employer prohibited her from receiving such communications, in violation of N.C. Gen. Stat. § 58-70-100(4);

   d. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt without a proper purpose, in violation of N.C. Gen. Stat. § 58-70-105(1);

   e. Representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff, and/or the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of N.C. Gen. Stat. § 58-70-95(5) and/or (6);

   f. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7) and/or (8);

g. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of N.C. Gen. Stat. § 58-70-95(2);

h. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of N.C. Gen. Stat. § 58-70-110;

i. Using a business, company or organization name other than the true name of Defendant's company, in violation of N.C. Gen. Stat. § 58-70-110(1); and

j. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

20. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, BARBARA BULLOCK, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (42021)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com